UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOWIE SUN, an individual** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 16-CV-0236-CVE-TLW |
| ) | |
| **CFS2, INC., an Oklahoma Corporation,** ) | |
| **and RON FOSSUM, an individual** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| and ) | |
| ) | |
| **CFS2, INC., an Oklahoma Corporation,** ) | |
| ) | |
| **Cross-Claimant** ) | |
| ) | |
| v. ) | |
| ) | |
| **RON FOSSUM, an individual** ) | |
| ) | |
| **Cross-Defendant** ) | |
| ) | |
| and ) | |
| ) | |
| **CFS2, INC., an Oklahoma Corporation,** ) | |
| ) | |
| **Third-Party Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| **SMART MONEY SECURED INCOME** ) | |
| **FUND, LLC,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |

## **OPINION AND ORDER**

Now before the Court is CFS2, Inc.'s (CFS2) motion to dismiss for lack of prosecution (Dkt.

# 61). Howie Sun filed this suit in on April 14, 2016. Dkt. # 2. CFS2 answered, filed a cross-claim

against Ron Fossum, and filed a third-party complaint against Smart Money Secured Income Fund, LLC (Smart Money) on May 24, 2016. Dkt. ## 10, 12, 13. On June 28, 2016, the Court stayed CFS2's third-party action against Smart Money due to Smart Money's ongoing bankruptcy proceeding, but the Court ordered the underlying action among Sun, CFS2, and Fossum could proceed. Dkt. # 30. On July 25, 2016, Fossum filed a motion to dismiss the complaint for lack of personal jurisdiction (Dkt. # 37). On August 8, 2016, Sun filed an amended complaint (Dkt. # 40), which CFS2 answered on August 22, 2016 (Dkt. # 43). On August 23, 2016, Fossum filed a motion to dismiss the amended complaint for lack of personal jurisdiction (Dkt. # 44).

On October 10, 2016, Sun's counsel filed a motion to withdraw as counsel (Dkt. # 50), asserting that Sun had decided to represent himself. The Court granted the motion, effective upon the entry of appearance of substitute counsel, or upon the filing of a statement by Sun to the effect that he wished to represent himself in this matter. Dkt. # 51. The Court gave Sun twenty days from October 12, 2016 to file a statement that he wished to represent himself and to provide the Court his mailing address. Id. The Court also granted Sun a thirty-day extension to respond to Fossum's motion to dismiss. Id. On October 31, 2016, Sun filed a pro se appearance and provided a mailing address in Englewood, Colorado. Dkt. # 57. On December 15, 2016, CFS2 filed a motion to dismiss for lack of prosecution (Dkt. # 61). On January 4, 2017, CFS2 filed a motion for summary judgment (Dkt. # 62). On January 9, 2017, the Court ordered Sun to show cause within fourteen days as to why this suit should not be dismissed for failure to prosecute. Dkt. # 64.

Sun has failed to comply with the Court's order to show cause. Further, he has not responded to Fossum's motion to dismiss for lack of personal jurisdiction or CFS2's motion to dismiss for failure to prosecute, and the time to respond has expired. Sun has not filed anything other than his

pro se appearance since his attorneys withdrew in October 2016. Additionally, CFS2 asserts that plaintiff was noticed to appear for his deposition on November 30, 2016, but Sun failed to appear. Dkt. # 61, at 2. CFS2 also asserts that Sun has failed to provide his preliminary witness and exhibits list as ordered by the Court in its scheduling order (Dkt. # 32). Dkt. # 61, at 3.

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss the claims against it if the plaintiff fails to prosecute or to comply with the federal rules or a court order. Dismissing a suit with prejudice for failure to prosecute is a "severe sanction" and should be a measure of last resort. Ecclesiastes 9:10-11-12, Inc. V. LMC Holding Co., 497 F.3d 1135, 1443 (10th Cir. 2007). The Tenth Circuit has identified a non-exhaustive list of factors that a district court should consider in determining whether to dismiss an action with prejudice under Rule 41(b):

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Id. (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)). Under this framework, "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" Id. at 1144 (quoting Ehrenhaus, 965 F.2d at 921).

CFS2 has been prejudiced by Sun's dilatoriness. Causing a defendant to suffer delay and mounting attorney fees can constitute prejudice. See Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993). CFS2 has incurred attorney fees and costs in preparing, drafting, and filing its motion to dismiss and motion for summary judgment. CFS2 has also incurred attorney fees and costs in preparing discovery requests, initial disclosures, preliminary witness and exhibit lists, a joint status report, and for plaintiff's deposition (for which plaintiff failed to appear). Dkt. # 61, at 5.

Sun has also interfered with the judicial process by failing to comply with the Court's order to show cause (Dkt. # 64). By failing to comply with a direct court order, Sun "flouted the Court's authority." Ehrenhaus, 965 F.2d at 921. If a party can ignore court orders without suffering the consequences, then the Court "cannot administer orderly justice, and the result would be chaos." Id.

Sun is also culpable for his dilatoriness. Sun failed to appear for his own properly noticed deposition, failed to respond to motions even after the Court granted him more time to respond after he decided to proceed pro se, and failed to follow the Court's scheduling order and order to show cause. Although the Court reads pro se litigant's pleadings and filings liberally, pro se status does not relieve Sun of his duty to comply with court orders or with the various rules and procedures governing litigants and counsel. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Dodson v. Bd. of Cnty. Comm'rs, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012). Moreover, the Court warned Sun twice that failure to comply with the Court's orders may result in dismissal: first when Sun chose to proceed pro se, and second when ordering him to show cause. See Dkt. ## 51, 64.

Finally, the Court considers the efficacy of a lesser sanction. Given that Sun has failed to file anything in three months despite two dispositive motions filed by CFS2, a court order to show cause, and two warnings that dismissal of his suit was a possibility, the Court sees no reason to believe a lesser sanction would be effective. Thus, the Court finds that plaintiff's claims should be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS THEREFORE ORDERED** that CFS2, Inc.'s motion to dismiss for lack of prosecution (Dkt. # 61) is **granted**, and plaintiff's claims are **dismissed with prejudice** for lack of prosecution. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that Ron Fossum's motion to dismiss (Dkt. # 44) and CFS2, Inc.'s motion for summary judgment (Dkt. # 62) are **moot**.

**DATED** this 25th day of January, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE